**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:22-cv-22696-RNS-JG**

EXXON MOBIL CORPORATION,

       Plaintiff,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES
IDENTIFIED ON SCHEDULE A,

       Defendants.
_____/

# STIPULATED PROTECTIVE ORDER[1]

Plaintiff, EXXON MOBIL CORPORATION, and Defendants, AMV Enterprises, Inc., Carlo Ribera, 7500 Enterprises, LLC and Everlast Lubricants, LLC (each a "Party," collectively, the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business and financial information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document,

---

[1] The Undersigned modified the proposed stipulated protective order in numbered paragraphs 14 and 15. The Undersigned has also made minor edits for stylistic and grammatical purposes.

information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". The word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be placed clearly at the bottom of each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition, hearing and trial transcripts, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and on each page where "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" testimony or statements are made." For video recordings of depositions or hearings, the Parties shall instruct the videographer upon the conclusion of the video-testimony, how to designate the videorecording, or any portion thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2. With respect to documents, information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all trial, pretrial, hearing or

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" both individually and collectively.

deposition testimony, or documents marked as exhibits or for identification in depositions, hearings and trial; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3.      A designation of Protected Material (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated or identified as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If the Designating Party discovers that information should have been but was not designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only, then the Designating Party must immediately notify all other parties. In such event, within five (5) days of notification, the Designating Party must provide replacement copies of the Confidential or Highly Confidential – Attorneys' Eyes Only Information bearing the proper designation in accordance with this Order. The Designating Party may request destruction of that undesignated Protected Material by notifying the recipient(s), as soon as reasonably possible after providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4.      **Confidential Material:** "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)     A Party's counsel of record, including necessary paralegal, secretarial, clerical personnel assisting such counsel, and any other employees of counsel or independent contractors

operating under counsel's instruction;

(b) Counsel (whether or not counsel of record) representing or advising the parties in this litigation, including in-house counsel or any other legal staff personnel who are employed by a party and are participating in the litigation on behalf of the party;

(c) The principals, managers, members, officers, agents and employees of a party who are actively involved in the litigation on behalf of such party;

(d) Witnesses at depositions if the witness is a principal, manager, member, officer, agent, employee or expert of the producing party;

(e) Outside consultants or experts and their staff to whom such experts or consultants consider it necessary to disclose Confidential Documents (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as **Exhibit A** hereto;

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) Any mediator(s), arbitrator(s), or special masters(s) appointed by the Court or agreed to by the Parties;

(h) Independent litigation support services, including persons working for or as court reporters, stenographers, videographers, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(i) The Court and its personnel;

(j) Court officials involved in this litigation, including court reporters, videographers, and persons operating video recording or electronic equipment at depositions, hearings and/or trial; and

(k) Any other person who is approved by subsequent agreement of the parties or order of the Court.

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or

material. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6. **Highly Confidential – Attorneys' Eyes Only Material:** Any party may designate Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the producing Party believes in good faith that the Protected Material is so sensitive that its dissemination deserves even further limitation, including information that the Designating Party in good faith believes that disclosure will likely harm the Desginating Party's competitive position concerning, inter alia: sensitive trade secrets; customer/supplier lists and other highly confidential information regarding customers, dealers, suppliers and distributors; non-public technical information; confidential financial information; manufacturing information; confidential research and development information; confidential commercial information regarding technology used to make and/or confirm the authenticity of the products at issue in the litigation; and/or highly sensitive information that is not publicly known. The accused counterfeit products themselves shall not be designated as highly confidential.

7. No document shall be designated as "Confidential" or "Attorneys' Eyes Only" if the document contains information that is already in the knowledge or possession of the party to

whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

8. For Protected Material designated as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a), (b), and (e)-(k).

9. **Privilege/Work Product Material:** Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The Party serving privileged/work product material, shall simultaneously provide a privilege log to the receiving Party. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, then such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and shall simultaneously provide a privilege log for the inadvertently or unintentionally produced documents, information or other material.

10. Any Party that believes they have inadvertently or unintentionally received DESIGNATED MATERIAL, or documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, shall immediately notify the producing Party of the potential inadvertent disclosure. The recipient(s)

shall within ten (10) business days sequester, gather and return all copies of such documents, information or other material to the producing Party (and take reasonable action to retrieve from Third Parties for return, sequester, or destruction), except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Nothing in this provision shall waive or limit any party's obligations under Fed. R. Civ. P. 26(b)(5)(B) or, to the extent applicable to inadvertently-produced privileged information, the Florida Rules of Professional Conduct.

11. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

12. **Use of Designated Material:** Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition, hearing or trial provided that the DESIGNATED MATERIAL is disclosed only to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) for CONFIDENTIAL MATERIAL, counsel for a Party, including outside counsel, and in-house counsel, and for HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL, those in the categories identified above, unless

7

agreed in a prior writing; (vi) subject to Paragraph 4(e), an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party.

13. If a question is asked at a deposition or hearing the answer to which might disclose confidential information, counsel for the deponent or party with an interest in protecting the confidential information may, either on the record at the deposition or within thirty (30) days after receipt of the deposition or hearing transcript, designate the appropriate portions of the transcript as "Confidential" or "Attorneys' Eyes Only." As soon as the designation is made, that portion of the original and all copies of the deposition transcript shall bear the legend "Confidential" or "Attorneys' Eyes Only" and shall be considered as DESIGNATED MATERIAL for purposes of this Order. Nothing in this paragraph shall be construed as a waiver of confidentiality of any DESIGNATED MATERIAL attached as an exhibit to a deposition. Documents labeled "Confidential" or "Attorneys' Eyes Only" attached as exhibits to a deposition or hearing shall automatically be considered DESIGNATED MATERIAL without any further action on the part of any party. Prior to expiration of the 30-day period, the entire deposition or hearing transcript or videorecording shall be treated as confidential.

14. Before filing any DESIGNATED MATERIAL or discussing or referencing such material in court filings, or using DESIGNATED MATERIAL at depositions, hearings and/or trial, the filing party shall confer with the designating party, in accordance with Local Rule 7.1(a)(3), to determine whether the designating party will remove the confidential designation, whether the document should be redacted, or whether a motion to seal or stipulation and proposed

order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the designating party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Submissions filed with the Court are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion. Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Rule 5.4, even if it is not the party filing the motion to seal.

15. **Challenging Confidentiality Designations:** Any party may challenge a designation given to any DESIGNATED MATERIAL at any time by notifying the designating Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Parties must make every attempt to resolve any dispute without court involvement. Any motion regarding confidentiality designation or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the parties are unable to resolve their dispute informally, then a party objecting to the designation of information may move for an order vacating the designation pursuant to the Undersigned's Discovery Procedures Order [ECF No. 12]. Pending the Court's determination of the application, the designation of the

designating Party shall be maintained. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

16. **Acknowledgement Form:** Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

17. **Third Party Material:** To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves the Third Parties' trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

18. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

19. To the extent that any discovery is sought of any Third Party, and in the event such Third Party or any party hereto contends that the discovery sought involves DESIGNATED

MATERIAL or other confidential information, then such Third Party shall be asked to agree, by executing the declaration attached as **Exhibit B**, to join in and be bound by this Order. If the Third Party agrees, in writing, to join in and be bound by this Order, then such Third Party's DESIGNATED MATERIAL and other confidential information shall be protected by this Order.

20. **Service of Designated Material:** Any Party electronically serving DESIGNATED MATERIAL, shall share the DESIGNATED MATERIAL by email or a shared file link to all email eservice addresses identified in the Parties' Counsel's signature blocks below. The subject line of the email shall include the language "SERVICE OF DESIGNATED MATERIAL, Exxon Mobil v. AMV, USDC SD FLA Case No.: 1:22-cv-22696-RNS". Non-Designated Material shall be served by the same method, may be eserved in the same email, and the Subject reference line may be modified accordingly. Any files or documents classified as Designated Material shall include in its file name the DESIGNATION assigned to that file, folder or document, (i.e., ExxonMobil bates number XXXX, AEO, etc.)

21. **Return or Destruction of Documents:** Within thirty (30) days of any settlement or final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of

a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. The use of DESIGNATED MATERIAL at trial of this case, shall be the subject of further agreement of the parties or order of the Court.

26. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

27. If another court or agency or party to another action subpoenas or orders production of DESIGNATED MATERIAL that a party has obtained under the terms of this Protective Order, such party (1) shall promptly notify the producing Party who designated the Documents of the subpoena, public records request, or court order in writing; and (2) to the extent permitted by law, court rule, and court order, shall withhold production of the requested information until (a) the producing Party permits production, (b) a court of competent jurisdiction orders otherwise, (c) the producing Party files a motion or other legal action to protect such material and the court has ruled on said motion, or (d) the producing Party fails to file a motion or other legal action to protect such material within five (5) business days following receipt of the notice required in Paragraph 24(1). The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena, request or order issued.

28. The signature of counsel for each party will bind such party as well as all other counsel of record for the party.

29. **Survival:** This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD this 9th day of September, 2022.

| | |
|---|---|
| NELLES LAW GROUP | LAW OFFICE OF ALEXIS GONZALEZ |
| 101 NE 3rd Avenue, Suite 1500 | 3162 Commodore Plaza, Suite 3E |
| Fort Lauderdale, Florida 33301 | Coconut Grove, Florida 33133 |
| Telephone: (954) 246-4800 | Telephone: (305) 223-9999 |
| | |
| By: */s/ Matthew S. Nelles* | By: */s/ Alejandro Hoyos* |
| Matthew S. Nelles | Alejandro Hoyos |
| Florida Bar No. 009245 | Florida Bar No.: 181072 |
| mnelles@nelleslawfl.com | AHoyos@aglawpa.com |
| Elizabeth P. Perez | Megha Mahajan |
| Florida Bar No. 182461 | Florida Bar No.: 91831 |
| eperez@nelleslawfl.com | MMahajan@aglawpa.com |
| Eservice: yberstein@nelleslawfl.com | EService: EService@aglawpa.com |

| | |
|---|---|
| PIRKEY BARBER PLLC<br>1801 E. 6th Street, Suite 300<br>Austin, TX 78702<br>Telephone: (512) 322-5200 | *Attorneys for AMV Enterprises, Inc.,*<br>*Carlo Ribera, 7500 Enterprises, LLC, and*<br>*Everlast Lubricants, LLC* |

By: */s/ Stephen P. Meleen*
Stephen P. Meleen, Esq. (Admitted *Pro Hac Vice*)
Texas Bar No. 00795776
smeleen@pirkeybarber.com
Tyson D. Smith, Esq. (Admitted *Pro Hac Vice*)
Texas Bar No. 24079362
tsmith@pirkeybarber.com

*Attorneys for EXXON MOBIL CORPORATION*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on September 23, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:22-cv-22696-RNS-JG**

EXXON MOBIL CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES
IDENTIFIED ON SCHEDULE A,

      Defendants.
_____/

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    I, _____ [print or type full name], of _____ [print] _____ [full address], declare under penalty of perjury of the laws of the United States of America that:

    1.    I have received a copy of the Protective Order in this action. I have carefully read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of Florida on [date] in the case of *Exxon Mobil Corporation v. The Individuals and Business Entities identified in Schedule A*, Case No. 1:22-cv-22696-RNS.

    2.    I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

    3.    I solemnly promise that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use for purposes of only this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed to me.

      4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

      5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action even if such enforcement proceedings occur after termination of this action.

Date: _____  Signature: _____

                                                   Printed Name: _____

                                                   City/State where sworn and signed: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-22696-RNS-JG

EXXON MOBIL CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS AND BUSINESS ENTITIES
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

EXHIBIT B

DECLARATION OF [_____]
RE: STIPULATED PROTECTIVE ORDER WITH RESPECT TO CONFIDENTIAL
INFORMATION AND DOCUMENTS

I, _____, declare that:

1. I am [title] of [Third Party], and I have the authority to bind [Third Party].

2. [Third Party's] address is _____.

3. On behalf of [Third Party], I have read and understand the contents of the Stipulated Protective Order in the above-captioned case (the "Order"). [Third Party] is a Third Party as described in Paragraph 17 of the Order, and I am executing this Declaration and agreeing on behalf of [Third Party] to be bound by its terms to ensure that [Third Party's] DESIGNATED MATERIAL and other confidential information is protected by the Order.

4. [Third Party] agrees to join in and be bound by all of the terms of the Order.

5. [Third Party] subjects itself to the continuing jurisdiction of the Court over its person, wherever it shall be, concerning the enforcement of the Order.

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____    [Third Party]

                                                                                     Signature

                                                                                     Printed Name:_____

                                                                                     Title: _____

                                                                                     Full Address: _____

                                                                                     _____