United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| ExxonMobil Corporation, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-22696-Civ-Scola |
| | ) | |
| The Individuals and Business | ) | |
| Entities Identified on Schedule "A", | ) | |
| Defendants. | ) | |

### Stipulated Order Granting Motion for Entry of Preliminary Injunction

This matter is before the Court on Plaintiff ExxonMobil Corporation's Motion for Entry of a Preliminary Injuction. (ECF No. 7, sealed.) The parties have stipulated to the entry of this order. The Court has carefully considered the Motion, the record, and the governing law. For the reasons stated below, the Court **grants** the motion. (**ECF No. 7**.)

### 1. Background

Plaintiff Exxon Mobil Corporation ("Exxon" or "Plaintiff") moves for entry of a preliminary injunction against the Defendants, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Plaintiff's "MOBIL Marks" include the following marks:

a. MOBIL, MOBIL 1, MOBIL 1 LUBE EXPRESS, DELVAC, and DELVAC 1.

b. The MOBIL logo, presented in blue lettering for all letters except the "o" which is presented in red, or in which concentric circles form the letter O, as shown immediately below:



c.  The Mobil Pegasus mark shown immediately below:



The Plaintiff also asserts rights in and to, and for purposes of this order the "MOBIL Marks" include, any marks that contain the above-referenced trademarks combined with other words or designs.

The Plaintiff initially moved for an *ex parte* Temporary Restraining Order, submitting several affidavits and other supporting evidence demonstrating that Defendants had sold counterfeit Mobil-branded products. (ECF No. 7.) The Court granted the Plaintiff's motion for *ex parte* application for entry of temporary restraining order ("TRO"). (ECF No. 10.) Among other things, the TRO temporarily restrained the Defendants from: (a) manufacturing, importing, advertising, offering to sell, or selling any products bearing the Plaintiff's MOBIL Marks; and (b) secreting, concealing, destroying, selling off, transferring, or otherwise disposing of any products bearing the Plaintiff's MOBIL Marks, any evidence relating to the manufacture, importation, sale, or offer for sale of such products, and any assets held in any financial accounts held by or subject to access by the Defendants.

In the TRO, the Court set a hearing on the Plaintiff's motion for preliminary injunction for September 6, 2022. The hearing was attended by counsel for the Plaintiff and for all but one of the named Defendants. Counsel expressed the Defendants' desire to expeditiously comply with the TRO, including providing information concerning the counterfeit products and their financial account information, as well as freezing their assets held in a newly identified bank account at City National Bank as security for Exxon's damages and for such other purposes as deemed ordered in the TRO.

Accordingly, the parties, on September 9, 2022, filed a motion to extend the TRO by fourteen days (ECF No. 29), which the Court granted, thereby extending the TRO until September 23, 2022. By stipulation of the parties, the Court entered an order on September 22, 2022 extending the TRO another week, or until September 30, 2022. (ECF No. 36.)

## 2.  Legal Standard

The Lanham Act provides that courts may grant injunctive relief "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). A party seeking to obtain a preliminary injunction must demonstrate:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and,

(4) that granting the injunction would not disserve the public interest.

*See Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### 3. Analysis

The parties have informed the Court that they have stipulated to the entry of a preliminary injunction. The Court agrees that a preliminary injunction is appropriate, because: (1) there is a substantial likelihood of success on the merits of Exxon's trademark infringement claims, (2) irreparable injury to Exxon's trademark may result if relief is not granted, (3) that injury outweighs the harm that the stipulated preliminary injunction would inflict on the Defendants, and (4) the stipulated preliminary injunction serves the public interest by preventing destruction or unlawful disposal of oils or assets, while allowing the Defendants to continue conducting lawful business. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (stating the preliminary injunction factors); (Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 10, sealed, at 5-7.)

Upon review of the Plaintiff's complaint, motion for preliminary injunction, and supporting evidentiary submissions, the Court hereby **ORDERS AND ADJUDGES** that the Plaintiff's motion (**ECF No. 7**) is **granted**, under the terms set forth below:

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant are hereby preliminarily enjoined as follows:

a.     From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the MOBIL Marks, or any confusingly similar trademarks; and

     b.     From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products bearing the MOBIL Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the MOBIL Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

     (2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant are hereby preliminarily enjoined from the use of the MOBIL Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them, including the Internet websites operating under the domain names amventerprises.com and everlastlubricantsusa.com (the "Subject Domain Names");

     (3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant are hereby preliminarily enjoined from the use of the MOBIL Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet websites registered, owned, or operated by any Defendant, including the Internet websites operating under the Subject Domain Names;

     (4)     Each Defendant is hereby preliminarily enjoined from transferring ownership of the Internet websites operating under their Subject Domain Names during the pendency of this action, or until further order of the Court;

     (5)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet websites operating under their Subject Domain Names and shall take all steps necessary to retrieve computer files relating to

the use of the Internet websites operating under their Subject Domain Names that may have been deleted before the entry of this Order;

(6)    Upon the Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to the Plaintiff the true identities and contact information of those registrants;

(7)    Pursuant to  Federal Rule of Civil Procedure 65(c), the Defendants and City National Bank shall maintain a freeze on the Defendants' funds in the amount of Three-Hundred Thousand Dollars ($300,000) held in the account ending in 4263, which freeze shall serve as a security bond and remain in place throughout and during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to modification should an application be made in the interest of justice; and

(8)    With the exception of the City National Bank account ending in 4263 referenced in the preceding paragraph, the Court hereby lifts the asset freeze on the Defendants' bank and financial accounts, including at Bank of America, that was previously ordered in the TRO.

This Order shall remain in effect during the pendency of this action, or until further order of this Court.

**Done and ordered** at Miami, Florida, on September 28, 2022.

Robert N. Scola, Jr.
United States District Judge