United States District Court
for the
Southern District of Florida

| | |
|---|---|
| ExxonMobil Corporation, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22696-Civ-Scola |
| | ) |
| The Individuals and Business | ) |
| Entities Identified on Schedule "A", | ) |
| Defendants. | ) |

## Order Denying Motion to Dismiss

This matter is before the Court on the motion to dismiss the amended complaint (Mot., ECF No. 60) filed by Defendants Carlo Ribera, 7500 Enterprises LLC ("7500"), and Everlast Lubricants, LLC ("Everlast," and collectively, the "Responding Defendants"). The Plaintiff, Exxon Mobil Corporation ("Exxon"), responded in opposition. (Resp., ECF No. 65.) The Responding Defendants timely replied. (Reply, ECF No. 73.) The Court has carefully considered the motion, the parties' arguments, the record, and the governing law. For the reasons stated below, the Court **denies** the motion. (**ECF No. 60**.)

1. **Background**

The Plaintiff filed suit in August of 2022, alleging that the Responding Defendants, as well as Defendants Jose Martinez and AMV Enterprises, Inc. ("AMV," and collectively, the "Defendants"), were collectively selling counterfeit Mobil-branded lubricating oil. (Compl., ¶ 25, ECF No. 1.) Exxon simultaneously moved for a temporary restraining order ("TRO") against the Defendants, which the Court granted. (ECF Nos. 7, 10, sealed.) Shortly thereafter, the Court held a hearing on Exxon's motion for a preliminary injunction against the Defendants. Counsel for Mr. Ribera, AMV, 7500, and Everlast was present at the hearing, and agreed to the entry of a preliminary injunction with some modifications to the terms of the original TRO. (Trans of Proceedings, ECF No. 32; Prelim. Inj., ECF No. 39.) The preliminary injunction—again, agreed to by the Responding Defendants and Defendant AMV—remains in effect.

After the entry of the agreed-upon preliminary injunction, all of the Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. (Mots. to Dismiss, ECF Nos. 45, 49.) The Defendants' arguments primarily focused on the fact that the original complaint did not identify the Defendants by name, because Exxon had

identified the Defendants in a sealed filing and moved, *ex parte*, for a TRO based upon those sealed filings. Because of this procedural reality, Exxon moved for permission to amend the initial complaint in response to the motions to dismiss. (ECF No. 53.) The Court granted leave to amend, and Exxon filed an amended complaint that identified each of the Defendants. (Am. Compl., ECF No. 55.)

In the amended complaint, Exxon brings eight counts against the Defendants, with each claim being asserted against all of the Defendants: federal trademark infringement under the Lanham Act (Count I), false designation of origin under the Lanham Act (Count II), federal trademark counterfeiting under the Lanham Act (Count III), federal trademark dilution under the Lanham Act (Count IV), unfair competition under Florida statutory and common law (Count V), dilution under Florida statutory law (Count VI), unjust enrichment under Florida common law (Count VII), and violation of the Florida Deceptive and Unfair Trade Practices Act (Count VIII). (Am. Compl. ¶¶ 58-90.)

In support of those claims for relief, Exxon alleges that the Defendants collectively acted to offer counterfeit Mobil-branded oils for sale, particularly relating to NASCAR events located in the Caribbean. (*Id.* ¶¶ 32, 36-41.) Exxon also attaches several invoices and purchase orders relating to the sale of the allegedly counterfeit oils to the amended complaint. (*Id.* Exs. C-G.)

More specifically, Exxon alleges that each of the corporate entity Defendants had a role in the overall scheme, and that the individual Defendants controlled the corporate entities in achieving the ends of the scheme. Defendant AMV (which does not join the current motion to dismiss) allegedly sold counterfeit Mobil oil to NASCAR Auto Service EIRL in the Dominican Republic, and otherwise offered counterfeit Mobil oil for sale on its website. (*Id.* ¶¶ 34-41.) Separately, Exxon alleges that "Defendant 7500 Enterprises offered for sale to Importadora De Gomas La Mega SRL ("La Mega"), another Dominican Republic company, Everlast branded products." (*Id.* ¶ 43.) The shipment of those Everlast products, however, allegedly contained Mobil-branded oil that has been seized by the Dominican government. (*Id.* ¶ 44.) Exxon pleads that those Mobil-branded oils, too, will "likely" be proven counterfeit over the course of further investigation. (*Id.*)

Finally, Exxon pleads that Mr. Ribera and Mr. Martinez "are the past and present controlling forces behind the sale of the Counterfeit Products." (*Id.* ¶ 54.) More specifically, Exxon alleges that Mr. Ribera "was NASCAR's contact at least for and in connection with the August 2021 invoice," which was for AMV's sale of counterfeit Mobil oils. (*Id.* ¶¶ 41, 56.) Exxon further claims that "Defendants Martinez and Ribera, using their own personal contacts,

personally acquired the Counterfeit Products, negotiated their sale to NASCAR, and facilitated, either directly or by instruction to AMV's, 7500 Enterprises', and/or Everlast's employees, the sale, exportation, and delivery of the Counterfeit Products to NASCAR and La Mega." (*Id.* ¶ 57.)

Now, the Responding Defendants move to dismiss the amended complaint, arguing that Exxon has impermissibly lumped all of the Defendants together in the amended complaint and failed to plead sufficient facts to state claims for relief against Defendants Ribera, 7500, and Everlast. (Mot. at 1-2.) Exxon responds that it has provided sufficient facts to support its claims in its filings supporting its motion for the TRO and preliminary injunction, and that it has pleaded sufficient allegations in the amended complaint to support its claims against the Responding Defendants. (Resp. at 1-2, 4-6.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

The Court finds that Exxon has pleaded sufficient factual allegations against each of the Responding Defendants in the amended complaint to satisfy Federal Rule of Civil Procedure 8's requirements. Indeed, the amended complaint's specific factual allegations against Mr. Ribera, 7500, and Everlast are more than sufficient to establish that Exxon's claims are plausible.[1]

The Responding Defendants make this clear in their own motion, where they identify that Paragraphs 44 and 57 of the amended complaint support Exxon's claims against them. (Mot. at 4.) The Responding Defendants focus their arguments on the contents of the invoices Exxon attaches to the amended complaint as exhibits, but they spend little time or effort attempting to explain why the actual allegations in Paragraphs 44 and 57 are insufficient on their own to establish that Exxon has a plausible claim for relief (other than to argue, incorrectly, that the allegations are conclusory). (*Id.*) Exxon's allegations in Paragraphs 44 and 57, however, would be sufficient to support Exxon's claims even <u>without</u> the attached exhibits. And the Court has identified additional factual allegations in Paragraphs 43 and 56 of the amended complaint that support Exxon's claims against the Responding Defendants.

To summarize, Exxon has alleged that Defendants Ribera and Martinez exercised their control over Defendants AMV, 7500, and Everlast to ship counterfeit Mobil-branded lubricating oil to the Dominican Republic on multiple occasions. (Am. Compl. ¶¶ 34-44, 54-57.) On some of those occasions, the counterfeit oils came from Defendant AMV. (*Id.* ¶¶ 34-41.) On at least one of those occasions, the counterfeit oils came from Defendants 7500 and Everlast. (*Id.* ¶¶ 43-44.) And, on at least one of those occasions, Defendant Ribera was the point of contact for the sale of the counterfeit oils. (*Id.* ¶ 56.) The Court is at a loss to determine how these allegations could not be sufficient, if proven true, to support Exxon's claims against the Responding Defendants. *See, e.g., Y.Z.Y., Inc. v. Azmere USA Inc.*, No. 13-20229-CIV, 2013 WL 12096354, at *2 (S.D. Fla. Oct. 17, 2013) (Moreno, J.) (finding allegations

---

[1] The Court cannot consider Exxon's factual support submitted in support of its motion for a TRO on a motion to dismiss. Instead, the Court confines its analysis to the four corners of Exxon's amended complaint and the attached exhibits. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

against individual defendant sufficient under the Lanham Act where the individual defendant "actively participated in the 'purchase, marketing, sale, and distribution of the counterfeit products' and 'supervised and directed the infringing activity'" by the corporate defendant).[2]

Additionally, because Exxon pleads specific factual allegations relating to each of the Responding Defendants' involvement in the overall scheme in the amended complaint, the Responding Defendants' concerns about the "lumping together" of all the Defendants in the counts for relief falls flat. (Mot. at 6-9); *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1274-75 (11th Cir. 2019). It is not impermissible for a plaintiff to plead all counts against all Defendants, so long as the Plaintiff pleads sufficient factual allegations supporting its claims for relief against each Defendants. Indeed, "the gist of the problem with group pleading . . . is the failure to give fair notice to each named defendant of the claims against it." *Quality Auto*, 917 F.3d at 1274. The amended complaint gives each of the Responding Defendants fair notice of the claims against them. (Am. Compl. ¶¶ 34-44, 54-57.) Therefore, it does not impermissibly lump together the Defendants, and it is not a shotgun pleading. *Quality Auto*, 917 F.3d at 1274-76.

Finally, the amended complaint sufficiently pleads a claim for unjust enrichment against Defendant Ribera. Exxon specifically pleaded multiple benefits that it conferred on all of the Defendants through their use of the Mobil mark in their scheme: Exxon's "long-established rights" to the Mobil brand name, its investments in the Mobil name, and the goodwill established over significant time in the Mobil name. (Am. Compl. ¶¶ 81-82.) Those benefits have been found to be sufficient to support claims for unjust enrichment. *Valoro, LLC v. Valero Energy Corp.*, No. 14-21694-CIV, 2014 WL 3920035, at *4 (S.D. Fla. Aug. 11, 2014) (Moreno, J.).[3] Because Exxon's allegations apply to all

---

[2] The Responding Defendants do not argue that Exxon fails to state a claim for each of the individual counts Exxon brings, except for its claim for unjust enrichment against Defendant Ribera, which the Court addresses separately. Rather, they challenge the sufficiency of the general factual allegations and whether those allegations support Defendants Ribera, 7500, and Everlast's alleged role in the overall counterfeiting scheme. Accordingly, the Court does not address whether Exxon's allegations are sufficient to support each individual claim for relief.

[3] As the Court observed in *Valero*:

> Valero set forth in detail the benefits conferred upon Plaintiffs by alleging Valero's long-established rights in the Valero marks and Valero's significant investments in establishing and promoting its marks through investment of time, money and effort in promoting the goods and services offered under the marks. Valero further alleged how Plaintiffs' use of the Valoro designations enable Plaintiffs to "to trade on and receive the benefit of goodwill built up at great labor and expense over many years by Valero, and to gain acceptance for its business, products, and services not solely on their own

of the Defendants acting in concert, and Defendant Ribera is alleged to have acted for Defendant AMV in particular, those allegations suffice as to a benefit conferred upon Mr. Ribera. *Id.*; (Am. Compl. ¶ 56.)

In short, then, Exxon's amended complaint is well-pleaded. The Court does not find the Responding Defendants' arguments to be well-taken, especially considering Exxon's decision to amend the original complaint in response to the first motions to dismiss. The Responding Defendants are aware of Exxon's claims against them, and they are more than capable of responding to the specific allegations Exxon makes against each of them in the amended complaint. Those factual allegations "possess enough heft" to suggest that Exxon is plausibly entitled to relief on all of its claims against each of the Defendants. *See Twombly*, 550 U.S. at 557. Accordingly, the Court denies the motion to dismiss.

### 4. Conclusion

For the reasons stated above, the Court **denies** Defendants Carlo Ribera, 7500 Enterprises LLC, and Everlast Lubricants, LLC's motion to dismiss the amended complaint. (**ECF No. 60**.)

**Done and ordered** in Miami, Florida, on February 16, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

merits, but on the reputation and goodwill of Valero and its products and services." Finally, Valero explains, "Valoro has been and continues to be unjustly enriched at Valero's expense" by its use of the Valoro designations.

*Id.*